NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 31 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR SANTIAGO ROJAS SAC, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-2310 <br><br> Agency No. <br> A071-579-889 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 26, 2025**
Pasadena, California

Before: BOGGS***, FRIEDLAND, and BRESS, Circuit Judges.

Petitioner Oscar Santiago Rojas Sac, a native and citizen of Guatemala,

seeks review of an order of the Board of Immigration Appeals ("BIA") affirming

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

an immigration judge's ("IJ") denial of Petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Petitioner's appeal is not about the merits of the denial. This appeal concerns only whether the BIA correctly held that the IJ's not addressing Petitioner's argument for asylum based on his political opinions did not amount to a violation of Petitioner's due-process rights. We review the BIA's factual findings for substantial evidence. *Grigoryan v. Barr*, 959 F.3d 1233, 1239 (9th Cir. 2020). We review de novo questions of law, including "claims of 'due process violations in removal proceedings.'" *Ibid.* (quoting *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010)).

"To prevail on a due process challenge to deportation proceedings, [Petitioner] must show error and substantial prejudice." *Id.* at 1240 (quoting *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000)). The error must have rendered the challenged proceeding "so fundamentally unfair that [Petitioner] was prevented from reasonably presenting his case." *Ibid.* (quoting *Cruz Rendon*, 603 F.3d at 1109). And the substantial prejudice must have meant that "the outcome of the proceeding may have been affected by the alleged violation." *Ibid.* (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)).

Petitioner fails to prove substantial prejudice. Petitioner misguidedly argues

that he was "prejudiced because he is now refrained [sic] from appealing the IJ's holding on political opinion."  Substantial prejudice is not about inability to appeal.  Substantial prejudice is solely about whether "the outcome of the proceeding may have been affected by the alleged violation." *Ibid.* (quoting *Colmenar*, 210 F.3d at 971).

Petitioner has failed to show that considering his political opinion could have affected the outcome of this proceeding.  Even if Petitioner had sufficiently established that his political opinion would be a protected ground if he suffered persecution because of it, the IJ ruled that Petitioner failed to demonstrate past persecution or a well-founded fear of future persecution.  That ruling, which Petitioner does not challenge, forecloses Petitioner's asylum and withholding-of-removal claims.  And political opinion is irrelevant to the IJ's holding that Petitioner's CAT claim was not supported by evidence of a likelihood of torture.  Thus, the point Petitioner raises before us cannot affect the denial of his claims.

**PETITION DENIED.**